NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD B. STILLAHN; LISA R. LANG STILLAHN, | No. 25-460 |
| Petitioners - Appellees, | D.C. No. 13492-20 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee, | |
| v. | |
| S.CROW COLLATERAL CORP., | |
| Movant - Appellant. | |
| NAT S. HARTY; APRIL D. HARTY, | No. 25-7765 |
| Petitioners - Appellees, | D.C. No. 23354-21 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

S.CROW COLLATERAL CORP.,

Non-Party - Appellant.

Appeal from a Decision of the United States Tax Court

Argued and Submitted April 23, 2026
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

S.Crow Collateral Corporation (SCCC) appeals from the tax court's denials

of its motions to seal documents containing its return information in two different

tax proceedings.  The issue before us is the same in both cases, and we have

consolidated the appeals for decision.  SCCC is not a party to the underlying tax

proceedings, and the denials of the motions to seal are final collateral orders that

would not otherwise be reviewable on appeal.  *See Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1, 11–12 (1983); *Comm'r v. JT USA, LP*, 630

F.3d 1167, 1172–73 (9th Cir. 2011); *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

809 F.3d 1092, 1096 (9th Cir. 2016) ("[A]n order denying a motion to unseal or

seal documents is appealable either as a final order . . . or as a collateral order."

(citation omitted)).  We therefore have jurisdiction under 26 U.S.C. § 7482(a)(1).

The tax court denied the motions to seal because, although the material

sought to be sealed was return information generally entitled to confidentiality, 26

U.S.C. § 6103(a), the documents fell within the exception for transactional

relationships with the parties. *See id*. § 6103(h)(4)(C) (explaining that return information may be disclosed in tax administration proceedings if it "directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding"). SCCC's primary argument is that the tax court in both cases improperly placed the burden on SCCC to prove that the exception did not apply.

In these cases, however, the underlying facts concerning the transactional relationships of the parties are not in dispute, including the fact that SCCC was the intermediary in the property sales which are the subject of the tax court proceedings. Whether the transactional relationship exception in section 6103(h)(4)(C) applies to the undisputed facts of these cases is thus a question of law.

SCCC contends that the exception does not apply because there was no direct contractual relationship between the taxpayers and SCCC. But the statute requires only that (1) the return information "directly relates" to a "transactional relationship" between a party to the tax proceedings and SCCC, and (2) that transactional relationship "directly affects" the resolution of an issue in those proceedings. Both criteria have been met. SCCC facilitated the monetized installment sales at issue in these cases. The tax court properly concluded that in order to determine whether the taxpayers misrepresented capital gains on their

respective tax returns, the court had to assess the validity of the interrelated transactions. Details regarding the nature of those transactions are contained in the material sought to be sealed.

Thus, if the government had the burden to establish that the statutory exception applied, it met it. The tax court accordingly did not abuse its discretion by denying SCCC's motions to seal in both cases.

**AFFIRMED.**[1]

---

[1] The pending motions to seal in both cases are DENIED as moot. *See Stillahn*, Dkts. 13, 26; *Harty*, Dkts. 22, 35, 42.